ALEXANDER SEMPLE *v.* THE TRUSTEES OF THE PRESBYTE-
RIAN CHURCH AT AMBOY.

## CERTIORARI.

Where a justice of the peace renders a judgment in the absence of the parties, it must appear by his *record*, that the cause was regularly adjourned until the day on which the judgment was rendered, or that the parties had notice of the time when such judgment would be rendered.

Among several reasons assigned for the reversal of the judgment, *Hardenberg,* for the plaintiff in certiorari, insisted that the justice had erred in rendering judgment in the absence of the parties, and without notice to them of the time by adjournment or otherwise.

In answer to a rule on the justice to certify whether he did not give judgment in the absence of the parties, at a future day and without adjournment to such day, he stated. "I took time to consider and examine the said cause after the close of the testimony, and entered judgment without the parties being present, but on the same day on which I gave judgment I informed both parties the result thereof."

*Wood* for the defendant. It is not shewn that the justice did not adjourn to the day on which he rendered judgment, such adjournment is therefore to be presumed. The legal intendment is in favor of regularity. Besides, it appears that on the same day he informed the parties.

EWING, C. J. A justice may, after hearing the cause, take time to consider of his judgment, but when he does so, he should adjourn to a given day, or at least give notice to the parties of the time when the judgment would be rendered. He cannot regularly and legally give judgment in the absence of the parties unless, in one or the other of these modes, an opportunity to be present has been afforded them. In many respects it is important for them to be present.

From a judgment rendered in his absence a defendant cannot appeal. The principle I have stated is settled in this court, *Clark* v. *Read*, 2 *South.* 486; *Pierson* v. *Pierson*, 2 *Halst.* 125. It ought moreover to appear on the docket of the justice, that he did adjourn or give notice. The regularity of his proceedings in this respect ought to be shewn by his record. The statute directing the manner in which it shall be kept, requires him to enter "the adjournment," *Rev. Laws*, 641. It appears from his certificate that on the same day he informed the parties of the result; but it was after the judgment had been given and to some of the most essential purposes therefore entirely nugatory.

The other justices concurred.

Judgment reversed.